IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

VALARY K. WARD, Administrator for
Elijah James Ward and Heirs                                         PLAINTIFF

v.                          No. 4:23-cv-485-DPM

STATE OF ARKANSAS;
YELL COUNTY;  PERRY COUNTY;
STATE OF MISSOURI;  GRUNDY
COUNTY;  TOMMY LAND, Arkansas
Commissioner of State Land;  UNITED
STATES DEPARTMENT OF THE
INTERIOR, Bureau of Land Management;
UNITED STATES DEPARTMENT OF
AGRICULTURE, Forest Services;  and
AGRIBANK FCB                                                        DEFENDANTS

ORDER

The Ward Family seeks compensation as unrecognized owners of various properties in Arkansas and Missouri. *Doc. 1 at 2.* They contend they are heirs of an individual who obtained the properties under the Swamp Land Act of 1850 and other land patents. They seek to establish their ownership and to be compensated for unpaid royalties as well as surface and mineral rights. The named plaintiffs are "Elijah James Ward and Heirs." The complaint is signed by Valary Ward, as Administrator for Elijah Ward and heirs.

This complaint is defective in several ways. The threshold difficulties concern who is bringing suit for whom. First, Valary Ward does not state that she has been appointed administrator by a court handling her father Elijah Ward's estate. And no court order of appointment or letters of administration are attached. These are essentials. Her deceased father's statement, in the attached affidavit of heirship, that he is appointing her administrator is insufficient. Second, even if Ward is a court-appointed administrator, she cannot litigate for the estate. A licensed lawyer must represent the estate. *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005). Third, if there is no estate, Ward cannot litigate for family members because she is not a lawyer. *Jones ex rel. Jones*, 401 F.3d at 952. Fourth, while Ward could pursue a claim for herself alone, that possibility reveals a deeper problem: This complaint fails to state a plausible claim because it does not allege with particularity what any defendant supposedly did wrong. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In fairness, each defendant is entitled to those details so it can respond adequately to a claim. Fed. R. Civ. P. 8(a)(2).

Based on these noted defects, the complaint will be dismissed without prejudice. Motions, *Doc. 7, 9, & 14*, granted as modified.

-3-

So Ordered.

*/s/ DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 March 2024